# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TARA HILLS VILLAS, INC., <br> a Nebraska Corporation, <br> <br> Plaintiff, <br> <br> vs. <br> <br> PEAK INTERESTS L.L.C., <br> a Colorado Limited Liability Company, <br> <br> Defendant. | 8:06CV282 <br><br> REPORT <br> and <br> RECOMMENDATION |

This matter comes before the court on the plaintiff's Motion to Remand (Filing No. 7). The plaintiff filed a brief (Filing No. 10), an index of evidence (Filing Nos. 8 and 9) and a reply brief (Filing No. 12) in support of the motion. The defendant filed a brief (Filing No. 11) opposing the motion. For the reasons set forth below, the court recommends the plaintiff's motion to remand be granted.[1]

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare *Vogel v. U.S. Office Prods. Co.***, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and ***Johnson v. Tyson Fresh Meats, Inc.***, No. C-06-1002, 2006 WL 1004970 at *1 (N.D. Iowa Apr. 17, 2006), **with *White v. State Farm Mut. Auto. Ins. Co.***, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In ***Vogel***, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

***Vogel***, 258 F.3d at 517. **Accord *First Union Mortgage Corp. v. Smith***, 229 F.3d 992 (10th Cir. 2000); ***In re U.S. Healthcare***, 159 F.3d 142, 145 (3d Cir. 1998); **see also *Meier v. Premier Wine & Spirits, Inc.***, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). [However, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

## BACKGROUND

This matter arises out of the lease of property in Papillion, Nebraska, to be used as a Pizza Hut restaurant. The plaintiff alleges it is the owner of the property at 806 Tara Plaza. **See** Filing No. 1, Exhibit A ¶ 3. In May 1975, Nebraska Pizza Hut, Inc. leased, as lessee, the property for use as a restaurant. *Id.* ¶¶ 4-5. The lease was later assigned to Pizza Hut of America, Inc., in August 1980, and to Pizza Hut of San Diego, Inc., in September 1996. *Id.* ¶¶ 7-8. The lease was assigned to the defendants on September 4, 1996. *Id.* ¶ 9. Under the lease, the base rent was $1,516.21 per month and the lease was to expire on February 28, 2006. *Id.* ¶¶ 5, 11; Filing No. 9, Exhibit B. Although served with notice to vacate, the defendant remains in possession of the property.

The complaint was initially filed on March 16, 2006, in the District Court of Sarpy County, Nebraska. **See** Filing No. 1, Exhibit A. The plaintiff asserts a claim for forcible entry and detainer under Neb. Rev. Stat. § 25-21,219 *et seq.* The plaintiff does not make a demand for a specific damage amount in the initial complaint, but seeks expenses and damages associated with the inability to relet the premises and as a result of the defendant's failure to vacate. *Id.* ¶ 15-17. The parties agree the outstanding damages associated with the plaintiff's claim is approximately two-months' rent or $3032.42.

On March 23, 2006, the defendant filed notice of removal and an answer and counterclaim. **See** Filing No. 1. The defendant contends removal is proper based on the parties' diversity of citizenship under 28 U.S.C. § 1332. The defendant alleges it had timely exercised an option to purchase the property on February 13, 2006, for $250,000. **See** Filing No. 3 ¶ 11 (Answer) and ¶ 7 (Counterclaim). The defendant seeks specific performance of the lease contract and for the plaintiff to convey the property to the defendant.

## ANALYSIS

Because no federal question is presented, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. ***Altimore v. Mount Mercy College***, 420 F.3d 763, 768 (8th Cir. 2005). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. ***Transit Cas. Co. v. Certain Underwriters at Lloyd's of London***, 119 F.3d 619, 625 (8th Cir. 1997); **In re *Bus. Men's Assurance Co. of Am.***, 992 F.2d 181, 183 (8th Cir. 1993).

Any case wherein a United States District Court has original jurisdiction can be removed. A United States District Court has original jurisdiction over civil actions arising under the Constitution, law, or treaties of the United States. **See** 28 U.S.C. § 1331. Additionally, the United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between:

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**See** 28 U.S.C. § 1332. This type of subject matter jurisdiction is known as diversity jurisdiction.

There is no question the parties are citizens of different States. The parties dispute whether amount in controversy exceeds the $75,000 statutory requirement. The plaintiff claims less than $75,000 in damages associated with the complaint. The defendant, however, argues the amounts alleged in the counterclaim should be used to establish the jurisdictional amount. Alternatively, the defendant contends the amount in controversy should be the entire value of the leased property, rather than the smaller amount of damages sought by the plaintiff.

The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. **Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach**, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); **Keene Corp. v. United States**, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); **St. Jude Med., Inc. v. Lifecare Int'l, Inc.**, 250 F.3d 587, 593-94 (8th Cir. 2001) ("Normally, removal jurisdiction is determined at the time of removal."). In this matter, the defendant's Answer and Counterclaim were filed simultaneously with removal. Even so, "[t]he traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim." 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE: JURISDICTION § 3725, p. 105-06 (3d ed. 1998). And while district courts have decided both ways on the issue--either allowing or disallowing consideration of the counterclaim, the majority of courts have held that the counterclaim may not be used to calculate the jurisdictional amount in controversy when a defendant removes a case from a state court. 14B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE: JURISDICTION § 3706, p. 215-17 (3d ed. 1998) (collecting cases); **compare** cases including compulsory counterclaim to satisfy jurisdictional amount where plaintiff initially filed complaint in federal court including **Spectacor Mgmt. Group v. Brown**, 131 F.3d 120 (3d Cir. 1997); **Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.**, 98 F.3d 1241 (10th Cir. 1996). The Eighth Circuit has yet to determine the issue, however many of the district courts agree with the majority rule. **See Al-Cast Mold & Pattern, Inc. v. Perception, Inc.**, 52 F. Supp. 2d 1081 (D. Minn. 1999); **Central Associated Carriers, Inc. v. Nickelberry**, 995 F. Supp. 1031 (W.D. Mo. 1998); **see also Chief Indus., Inc. v. Campus Lofts, Inc.**, 8:05CV167, 2005 WL 3508456 (D. Neb. Dec. 22, 2005); **cf. Hatridge v. Aetna Cas. & Sur. Co.**, 415 F.2d 809 (8th Cir. 1969) (noting instances where courts assess the jurisdictional amount from the defendant's viewpoint, however not addressing issues of either remand or counterclaims).

This court agrees with those courts which hold that counterclaims do not satisfy the jurisdictional amount. The inclusion of counterclaims to meet the jurisdictional amount

4

disturbs not only the statutes that define federal jurisdiction, but also the authority granted by Article III. Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 107-09 (1941). Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff." **Hurt v. Dow Chem. Co.**, 963 F.2d 1142, 1145 (8th Cir. 1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

Furthermore, limiting jurisdiction to the damage claims made by the plaintiff is in accord with federal question cases where, in the vast majority, jurisdiction is determined solely by the allegations contained in the plaintiff's complaint. **Caterpillar, Inc. v. Williams**, 482 U.S. 386, 392 (1987); **Gore v. Trans World Airlines**, 210 F.3d 944, 948 (8th Cir. 2000). Therefore, for the purposes of determining diversity jurisdiction, the amount in controversy should also be ascertained solely from the face of the plaintiff's complaint.

The plaintiff's complaint alleges minimal monetary damages. **See** Filing No. 1, Exhibit A. The defendant argues that, although such amount is insufficient, the court should rely on the value of the subject property. The defendant's argument fails for two reasons. First, even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount. **St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 294 (1938) ("If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); **Burns v. Windsor Ins. Co.**, 31 F.3d 1092, 1095 (11th Cir. 1994) ("only the sum actually demanded is in controversy"); **see also Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997) (stating that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum"). Second, the value of the subject of the lawsuit, here the lease property, is only used to determine the amount in controversy where the plaintiff fails to allege monetary damages in the complaint or seeks relief other than a money judgment. Accordingly, the court finds the amount in controversy is insufficient to grant this court diversity jurisdiction.

Based on federal diversity statutes and the attending case law, jurisdiction would not appear proper in United States District Court.  Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be granted.  Further, the undersigned magistrate judge recommends that no attorney fees be assessed against the defendant under 28 U.S.C. §1447(c).  Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion to Remand (Filing No. 7) be granted, except that no attorney fees be assessed against the defendant.

## ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 26th day of May, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge