IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TARA HILLS VILLAS, ) | |
| ) | 8:06CV282 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| PEAK INTERESTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Peak Interests' objections (Filing No. 15) to Magistrate Judge Thalken's report and recommendation (Filing No. 14).  In this report, Magistrate Judge Thalken recommends that this court grant plaintiff Tara Hills' motion to remand (Filing No. 7) and not assess any attorney fees against the defendant.

Plaintiff, a Nebraska corporation, alleges it owns the property at issue in this action ("leased property"), located at  806 Tara Plaza, in Papillion, Nebraska.  In its complaint, plaintiff maintains that Mike Hogan Realty Co., Inc. leased the property to Nebraska Pizza Hut on May 1, 1975.  Article XX of the lease agreement grants the lessee the option to purchase the leased property at any time during the term of the lease or any extension of it, for $250,000, by mailing notice to the lessor.  Filing No. 9, Exhibit A, p. 14.  On March 11, 1976, Mike Hogan Realty and Nebraska Pizza Hut executed a supplement to their previous lease agreement clarifying the commencement date of the lease agreement and the amount of rent due under the lease.  Filing No. 9, Exhibit B, p. 22.  In this supplement, Mike Hogan Realty and Nebraska Pizza Hut agreed that the lease commenced on March

1, 1976, expired on February 29, 1996,[1] established base rent of $1,516.21, and annual ground rental of $5,400. *Id.*

Nebraska Pizza Hut assigned its lease interest to Pizza Hut of America on August 1, 1980. Filing No. 9; Exhibit C, p. 23. On September 4, 1996, Pizza Hut of America assigned its lease interest to Pizza Hut of San Diego. Filing No. 9, Exhibit D, p. 26. Pizza Hut of San Diego then assigned its lease interest to defendant, a Colorado limited liability company doing business as Pizza Hut Restaurant, on September 4, 1996. Filing No. 9, Exhibit E, p. 29; Filing No. 1, Exhibit A, p. 5. Plaintiff maintains that on February 28, 2006, the lease expired, but defendant retained possession of the leased premises without color of title or permission from plaintiff. Plaintiff served defendants with a notice to quit/notice to vacate, notifying defendant that it would pursue eviction proceedings if defendant did not vacate the premises within three days. Filing No. 1, Exhibit F, p. 38. Defendant retained the property beyond the three-day period. Defendant admits that it retained possession of the leased property, but contends that it did so lawfully because it exercised its option to purchase the leased property for $250,000 on February 13, 2006. *See* Filing No. 3, p. 8 (notice of intent to purchase letter).

Plaintiff brought an unlawful and forcible detainer suit against defendant in the District Court of Sarpy County, Nebraska, seeking an order of restitution declaring plaintiff's immediate right of possession. Filing No. 1, p. 5-7. Plaintiff further requested money damages incurred as a result of defendant's failure to vacate the leased property, the

---

[1]The terms of the original lease provide for two five-year automatic extensions of the lease agreement absent written notice to the lessor of the lessee's intent not to extend. Filing No. 9, Exhibit A, p. 5. Therefore, without notice of termination, the lease term would end on the last day of February 2006.

amount to be determined at trial, as well as attorneys' fees, costs, pre- and post-judgment interest, and other appropriate relief.  Defendant removed the action to this court asserting jurisdiction under 28 U.S.C. §§ 1332 and 1441.  Filing No. 1.  Thereafter, defendant filed an answer and a counterclaim for specific performance of the lease contract conveying the leased property to defendants, and for damages, attorney fees, and other appropriate relief.  Filing No. 3.  Plaintiff filed a motion to remand asserting that the amount of loss it claimed in its complaint is less than the jurisdictional requirement of $75,000.  Filing No. 7.

**Analysis**

As federal courts are courts of limited jurisdiction, the threshold requirement in every federal case is jurisdiction.  *Bradley v. Am. Postal Workers Union*, 962 F.2d 800, 802 n.3 (8th Cir. 1992).  A defendant may remove any civil action brought in state court when the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a) (2006).  District courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a) (2006).  The fact-finder must legally conclude, from the pleadings and proof adduced to the court before trial, that the amount of damages exceeds $75,000.  *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  An amount that a plaintiff claims is not "in controversy" if no fact-finder could legally award it.  *Id.*  Accordingly, if the court is without subject-matter jurisdiction, the district court must remand the case back to state court.  28 U.S.C. § 1447(c) (2006).

A court determines whether the amount in controversy required by section 1332 is satisfied based on the record at the time of removal.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001) ("[n]ormally, removal jurisdiction is determined at the time of

removal"); *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir. 1938) (jurisdiction is determined by the petition as it was at the time of the removal from the state court); *Core v. Southwestern Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988) (upholding district court's denial of motion to remand the case to state court after plaintiffs amended the amount of damages sought under the jurisdictional requirement).

The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts are to be resolved in favor of remand. *4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993); 15 James Wm. Moore et al., Moore's Federal Practice § 102.13 (3d ed. 2006). Where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence).

In a diversity case, federal courts must look to state law to determine the nature and extent of the right to be enforced. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961); *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965). Defendant cites the case of *Sinclair Ref. Co. v. Miller*, 106 F. Supp. 881 (D. Neb. 1952), for the proposition that in actions relating to real property where title is at issue, the value of the property is used to determine the amount in controversy. However, Nebraska law

4

provides that forcible entry and detainer is a special statutory proceeding designed to provide a speedy and summary method by which the owner of real estate can regain possession of it.  *Cummins Mgmt., L.P. v. Gilroy*, 667 N.W.2d 538, 542 (Neb. 2003).  The only finding of fact that can be lawfully made in a forcible detainer case is whether the defendant is guilty of forcibly detaining the premises, and the only judgment that can be pronounced in such case is that the plaintiff have restitution of the premises sued for, or that the plaintiff's action be dismissed.  *Stover v. Hazelbaker*, 60 N.W. 597, 598 (Neb. 1894).  The fact-finder in a forcible entry and detainer suit shall inquire into the amount of rent owing the plaintiff and the amount of damage caused by the defendant to the premises during the defendant's occupancy and render a judgment or verdict accordingly. Neb. Rev. Stat. § 25-21,219 (2006).  Therefore, "[a]n action for forcible entry and detainer is merely possessory, and the question of title to real estate cannot be either tried or determined in the case."  *Hogan v. Pelton*, 315 N.W.2d 644, 647 (Neb. 1982).

In the case at bar, the magistrate judge noted the Eighth Circuit has not resolved whether counterclaims should be considered in calculating the amount in controversy in the context of removal jurisdiction.[2]   This court agrees with the magistrate judge's determination that the majority of district courts adhere to the majority rule that no part of the required jurisdictional amount can be met by considering the defendant's counterclaim. *See* 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3725  (3d ed. 2006).  Accordingly, this court follows "the plaintiff's viewpoint" in determining whether the amount in controversy requirement in a diversity action is met.  *Smith v. Am. States*

---

[2] Procedural rule 28 U.S.C. § 1447(d) provides that remand orders are not appealable and this may account for the lack of guidance from the Eighth Circuit or any other circuit on this issue.  *Chief Indus. v. Campus Lofts, Inc.*, 2005 U.S. Dist. LEXIS 39151 (D. Neb. 2005).

*Preferred Ins. Co.*, 249 F.3d 812, 813 (8th Cir. 2001) (Eighth Circuit precedent requires the

district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount);

*Mass. State Pharm. Ass'n v. Federal Prescription Serv., Inc.*, 431 F.2d 130, 132 (8th Cir.

1970) (the amount in controversy is tested by the value of the suit's intended benefit to the

plaintiff);[3] *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987) (the amount

in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the

right sought to be enforced); *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (the

sum claimed by the plaintiff controls unless it appears to a legal certainty that this amount

cannot be recovered); *Hall v. Bowman*, 171 F. Supp. 454, 456 (D. Mo. 1959) (plaintiff's

complaint fixes the initial jurisdictional amount and not the defendant's counterclaim);

Therefore, for purposes of determining diversity jurisdiction, the face of the plaintiff's

complaint sets the jurisdictional amount.

Based on the foregoing, this court did not consider the defendant's counterclaim in

assessing the jurisdictional requirement.  Although plaintiff does not allege a specific

damage amount, the nature of plaintiff's complaint is a forcible entry and detainer suit.  In

his report and recommendation, the magistrate notes the parties agree the outstanding

damages associated with the plaintiff's claim is approximately two-months' rent -

$3,032.42.  Defendant contends that because it had the right to purchase the property for

---

[3] Defendant cites Eighth Circuit cases for the proposition that this circuit allows computation of the amount in controversy based on defendant's viewpoint.  Filing No. 16.  However, in *Mass. State Pharm. Ass'n,* the Eighth Circuit names and follows the "plaintiff's viewpoint rule"; in a footnote clarifying the term, the court provides that "[t]here is some authority for the proposition that the amount in controversy is valued by the 'thing to be accomplished by the action' as to either the plaintiff or the defendant, whichever is the higher." *Mass. State Pharm. Ass'n*, 431 F.2d at 132 n.1.  The court refers to two of the same cases defendant cites: *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).  However, the *Mass. State Pharm. Ass'n* court clarifies that, "[i]n neither of these cases did we apply the defendant's standpoint test." *Mass. State Pharm. Ass'n*, 431 F.2d at 132.

6

$250,000, plaintiff is suing for restitution of a property worth $250,000 in addition to expenses and damages.

On the face of the plaintiff's complaint, this court finds the value of the leased property is not the proper basis for assessing the amount in controversy and the defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. In accordance with Nebraska law and on the basis of plaintiff's complaint, the court finds that plaintiff's alleged damages fail to comport with the jurisdictional requirement of 28 U.S.C. § 1332. Therefore, this court adopts the magistrate judge's findings and concludes that it lacks subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the state court from which it was removed.

ACCORDINGLY, IT IS HEREBY ORDERED:

1.    Plaintiff's motion to remand (Filing No. 7) is granted, with no attorney fees assessed against defendant;

2.    Magistrate Judge Thalken's report and recommendation (Filing No. 14) is granted;

3.    Defendant's objection to the magistrate's report and recommendation (Filing No. 15) is overruled; and

4.    This case is remanded to the District Court of Sarpy County, Nebraska, from which it was removed.

DATED this 8th day of November, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

7